LILES, Judge.
Appellants sought to contest the validity of a Special Assessment levied against their property in a sewer improvement district. Before the contest came on for final hearing appellants lost their property through a foreclosure proceeding. Ap-pellee then filed a motion to dismiss because of the transfer of title, claiming that since appellants had lost title to their property they were not the real party in interest.
The trial judge granted the motion to dismiss and we are called upon to construe Rule 1.260(c), RCP, 30 F.S.A., which reads as follows:
“(c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. * * * »
The real party in interest, who purchased the property after foreclosure, filed a motion for substitution of parties; however, the court granted the motion to dismiss while the motion for substitution was still pending. That is of no importance in this particular matter because the above mentioned rule shows that it is not necessary that such motion be filed since “the action may be continued by or against the original party.”
For the reason that the action contesting the Special Assessment could be continued by the original party, it appears that the trial judge was in error in dismissing the complaint; and we reverse and remand for action consistent with this opinion.
HOBSON, C. J., and McNULTY, J., concur.