REED, Chief Judge.
This is an appeal by the defendants Gas Development Corporation (hereafter “Gas Development”) and Gulf Cities Gas Corporation (hereafter “Gulf Cities”) from a final judgment of the Circuit Court for Orange County, Florida.
The plaintiff, Royal Oak Builders, Inc., an Illinois corporation, filed a complaint on 16 July 1969 in the Orange County Circuit Court against Gas Development, Gulf Cities, and Florida Gas Company (hereafter “Florida Gas”). The complaint alleged that the plaintiff entered into a written contract with defendant Gas Development on *739 or about 12 October 1959 which required the latter to pay the plaintiff ten percent of the gross amount of all monies received by it from the sale of gas for cooking and heating in Camellia Gardens, a residential subdivision located in Orange County, Florida, and that the obligations of the contract were assumed by defendant Gulf Cities. The complaint further alleged that the defendants Gulf Cities and Gas Development refused to account to and pay the plaintiff monies due under the contract for the period from 1 July 1968 to the date of the filing of the complaint.
With respect to defendant Florida Gas, the complaint alleged that the defendants Gulf Cities and/or Gas Development assigned to Florida Gas the right to service Camellia Gardens Subdivision, and that Florida Gas failed to compensate the plaintiff for the right to service gas customers in Camellia Gardens Subdivision. By an -amendment to the complaint the plaintiff also charged that Florida Gas assumed the obligations of the other defendants under the aforementioned contract between the plaintiff and defendant Gas Development. The relief sought by the complaint was an accounting as to the amount due the plaintiff from the defendants by reason of the sale of gas in Camellia Gardens, a judgment for that amount, and a judgment for specific performance. The defendants filed answers generally denying liability.
The cause went to trial before the court without a jury. The trial court entered a final judgment on 31 December 1970 in which it found for the plaintiff, Royal Oak Builders, Inc., and against the defendants Gas Development and Gulf Cities, but found for the defendant Florida Gas. The court held that the plaintiff was entitled to recover from the defendants Gas Development and Gulf Cities $2,953.73, plus interest, as money due the plaintiff under the contract for gas sold in Camellia Gardens Subdivision through November 1970. The court also ordered the defendants Gas Development and Gulf Cities to specifically perform the contract sued upon by accounting to the plaintiff quarterly for all monies collected from the sale of gas in Camellia Gardens Subdivision, Sections 1, la, and 2, until January 25, 1983, and paying over to the plaintiff an amount equal to ten percent “of the gross income as aforementioned.”
The defendants Gas Development and Gulf Cities have appealed from the final judgment and assigned its entry as error. The plaintiff also cross-assigned as error the entry of the final judgment.
The contract between the plaintiff, Royal Oak, and the defendant Gas Development was dated 12 October 1959. Defendant Gulf Cities did not sign the contract. The contract provisions most pertinent to our problem are the following:
“1. (a) SUPPLIER* will provide and install transmission lines for the supply of liquefied (sic) petroleum gas * * * for the residences and buildings in said subdivision. SUPPLIER will further provide and install feeder lines of a suitable size and capacity to each home or building located within said subdivision, and said feeder lines will be run to the point of meter connection and capped off at said point.
******
“5. * * * It is further understood and agreed that consumer shall not be required to use gas for cooking, water heating or space heating, but if gas is used by any consumer within said subdivision for any of the foregoing purposes, said gas shall be such gas as will be furnished by SUPPLIER, and the exclusive right to provide such service shall be arranged by the DEVELOPER * to extend for as long as the law and government authorities will permit. * * * ”
* * * * * *
“11. (a) SUPPLIER will pay to DEVELOPER not later than fifteen (15) *740 days following the end of each calendar quarter, (Payment dates — April 15, July 15, October 15, and January 15), an amount equal to ten (10%) per cent of the gross amount received by SUPPLIER, through the sale of gas, from consumers within the subdivision using the service provided by SUPPLIER.
* * * * * *
“13. SUPPLIER understands that its exclusive right to enjoy gas facility easements is expressly conditioned upon SUPPLIER’S furnishing at all times an adequate supply of gas at reasonable and competitive prices. * * * ” (Emphasis added.)
The contract was negotiated with the plaintiff by one Archie Deserable who held himself out to be a representative of both Gulf Cities and Gas Development. The contract was performed by Gulf Cities and not by Gas Development. The former installed the mains, furnished the gas, billed the customers, and rebated to the plaintiff. By a letter dated 23 January 1969, Gulf Cities purported to terminate the contract effective 31 January 1969.
By a contract dated the 19th of February 1969, Gulf Cities sold to Florida Gas its ownership interest in the central gas system in Camellia Gardens as well as whatever right it might have had to service customers in that subdivision. The contract between Florida Gas and Gulf Cities expressly disclaims any obligation on the part of Florida Gas to make any rebate payments which Gulf Cities might have been obligated to make with respect to gas sales in Camellia Gardens Subdivision.
Here, as in the related case of Gulf Cities Gas Corporation v. Tangelo Park Service Company, Fourth District Court of Appeal, 253 So.2d 744, opinion filed October 27, 1971, there are two basic issues. The first is whether the defendant Gulf Cities was liable on the contract between the plaintiff and the defendant Gas Development, even though Gulf Cities did not sign the contract. The second issue was the extent or measure of the liability of those defendants on that contract.
The trial judge held with respect to the first issue that defendant Gulf Cities was liable as a party to the contract. In our opinion this holding is supported by the law and the evidence, and for purposes of this opinion defendant Gulf Cities will be treated as an original party to the contract sued on. See Gulf Cities Gas Corporation v. Tangelo Park Service Company, supra.
As to the second issue, the court held that defendants Gulf Cities and Gas Development were liable to pay the plaintiff an amount equal to ten percent of all gas sales in Camellia Gardens Subdivision until 25 January 1983 — apparently without regard to who made the sales or received the revenues therefrom. The essential portions of the judgment provide:
“2. That the said damages herein above set forth represent a sum of money due and owing to Plaintiff under the terms of the contract herein sued upon from the collection of money for the service of gas to Camelia (sic) Gardens Subdivision through the month of November, 1970.
“3. That Defendants, GAS DEVELOPMENT CORPORATION and GULF CITIES GAS CORPORATION are ordered and directed to specifically perform in accordance with the terms of the contract herein sued upon, and are specifically ordered to account to Plaintiff quarterly for all monies collected from the sale of gas in Camelia (sic) Gardens Subdivision, Sections 1, la, and 2, Orange County, Florida, until January 25, 1983, and to pay over to Plaintiff an amount equal to ten per cent (10%) of the gross income as aforementioned.”
In our opinion the judgment was in error to the extent that it applied defendants’ obligation to rebate to monies derived from the sale of gas in Camellia Gardens Subdivision by Florida Gas (or any other vendor) in the absence of a showing that the *741 defendants received the revenues from such sales. According to our understanding of the contract this would be an improper obligation to impose on the defendants. The pertinent contract provision in this case imposes the duty on defendants Gulf Cities and Gas Development to rebate solely on revenues received by them from the sale of gas furnished by them to consumers in the subdivision. What we said in Gulf Cities Gas Corporation v. Tangelo Park Service Company, supra, with respect to the duration of the duty to rebate created by the contract there under consideration is equally applicable to the contract now before us and need not be reiterated except by reference.
Sometime after the filing of the suit, Royal Oak Builders, Inc., was caused to be dissolved by its 99%. stockholder, Mr. Atkins. The appellants contend that the dissolution of the corporation deprived it of standing to maintain the action because all of the assets of the corporation, including this cause of action, were transferred to Mr. Atkins. Assuming that the appellants are correct in their position that Mr. Atkins received all property of the corporation, their ultimate conclusion, i. e., that the suit should have been dismissed because it was not maintained in the name of the real party in interest, is untenable. Rule 1.260 (c), F.R.C.P., 30 F.S.A. fully answers this contention. See also Miami Air Lines, Inc. v. Webb, Fla.App.1959, 114 So.2d 361.
What is said above answers appellants’ Points I, II, and IV, and the cross-assignment by appellee. The other points presented by appellants’ brief have been reviewed and in our opinion are without merit and do not require discussion.
For the foregoing reasons, the final judgment is reversed and the cause remanded for a redetermination of the issue of the amount of damages only, in accordance with views hereinabove set forth. The trial court may receive such further evidence as it may be advised to accomplish the purpose of the remand.
Reversed and remanded.
ÓWEN and MÁGÉR, JJ., concur.

 “Supplier” refers to defendant Gas Develop] Builders, Inc. nt. “Developer” refers to plaintiff, Royal Oak