OWEN, Chief Judge.
Appellant was convicted of grand larceny of a sum of money. The two points on appeal involve (1) the admissibility of certain evidence, and (2) the court’s instruction to the jury.
The Miramar Diner, located on State Road 7 in Broward County, is open twenty-four hours a day. The night cashier is on duty from midnight to 8 a. m. Near the end of her shift, she totalled the cash register for the night’s receipts, and removed all of the cash, returning to the register the $200 “bank” with which she had started her shift and which would be used by the relieving cashier. The balance of the cash which had been removed from the register, representing the night’s receipts, was placed in a cigar box without being counted and momentarily stored under the counter. A patron in the diner, subsequently identified as appellant, seized the cigar box of money from under the counter and ran out the door, making good his get-away.
At trial the prosecutor did not have available the cash register slip showing the total of the night’s receipts. Defendant objected to the cashier testifying as to the amount of money she had placed in the cigar box on the grounds that the cash register receipt or slip was the best evidence. The objection was overruled. The witness testified that without the cash register slip she would not know the exact amount, but she did know based on her experience and the volume of business during the night shift just finished that the money in the cigar box, which was the night’s receipts, was at least $400 and in any event was well in excess of $100.
Appellant contends that this testimony violated the best evidence rule. His position is not sound. The relevant issue for the jury to determine was whether the amount of money stolen was $100 or more, not what was shown on the cash register slip. No doubt, if the issue had been the content of this writing, the cash register slip would have been the best evidence of its content. Without discussing whether the cash register slip would even have been admissible had it been available and offered, there was no violation of the best evidence rule in permitting the cashier to testify as she did.
Appellant also contends that the court erred in refusing a requested instruction to the general effect that testimony as to identity, being opinion evidence, should be regarded in the same light as any other opinion expressed by the witness. It was not error to deny this requested instruction since the matter of credibility of witnesses and the weight to be given their testimony was fully covered by other instructions.
Affirmed.
WALDEN and CROSS, JJ., concur.