BERANEK, Judge.
This is an interlocutory appeal from an order of December 9, 1980, which denied plaintiff/appellant’s request for a temporary injunction. The hearing occurred just prior to recent amendments to Florida Rule of Civil Procedure 1.610 governing temporary restraining orders. We conclude the trial court erred in excluding certain evidence offered by plaintiff and further that. the denial of the requested temporary injunction constituted an abuse of discretion. The order below is reversed and the matter remanded with instructions.
The defendant/appellee signed an employment contract with Elcor Corporation on March 1, 1978, which contained a valid one-year covenant not to compete applicable to both Elcor Corporation and its affiliates. Immediately thereafter, appellee was transferred to the plaintiff corporation, Gory Associated Industries, Inc. Appellee served as an officer of Gory until his termination on November 6, 1980. The Gory corporation filed a sworn complaint on November 10, 1980, alleging Gory was a wholly owned subsidiary of Elcor. The complaint alleged appellant had substantially breached the covenant not to compete and that such breach was continuing. A temporary injunction was sought and denied by order of the trial court after a full eviden-tiary hearing. The president and another corporate officer were called to testify as to the “affiliate” status of the two corporations. This testimony was excluded based upon the “best evidence” rule. In so ruling, the court erred. There was no issue as to the content of any document and indeed appellee did not directly deny the affiliate status of the corporations in his answer to the complaint. Appellee, himself a corporate officer, merely answered that he was without knowledge of the intercorporate relationship while his own testimony at the hearing clearly indicated he signed the contract with Elcor and was immediately “transferred” to Gory.
The contract provided in relevant part:
*1056 A. “COMPANY” means Elcor Corporation and its AFFILIATES.
B. “AFFILIATE” means any corporation or joint venture that (a) is owned or controlled by, (b) owns or controls, or. (c) is owned or controlled by the corporation owning or controlling, Elcor Corporation. For the purpose of this definition, ownership, directly or indirectly, of 50% of the capital stock having the right to vote for directors of the corporation or 50% of the equity interest of a joint venture shall constitute ownership or control thereof.
The court erred in excluding the testimony of the appellant’s witnesses based on a “best evidence” objection. In re Mobilift Equipment of Florida, Inc., 415 F.2d 841 (5th Cir. 1969); Hubbell v. State, 312 So.2d 470 (Fla. 4th DCA 1975). However, even without testimony, we conclude that all the unrebutted evidence clearly showed the two corporations were affiliates within the meaning of the contractual provision.
We have reviewed all the pleadings and testimony presented and conclude there was more than adequate evidence to necessitate issuance of the requested temporary injunction. Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734 (Fla. 4th DCA 1980). Appellee was actively engaged in organizing a competing business and he testified he would open the new business soon if not enjoined from doing so. Denial of the injunction under these circumstances was an abuse of discretion.
The order below is reversed and the matter remanded for the issuance of a temporary injunction and such further appropriate orders as may be necessary regarding bond and related matters.
REVERSED AND REMANDED.
HERSEY and HURLEY, JJ., concur.