GAUDIN, Judge.
The only issue involved in this proceeding is whether a federal statute preempted state usury laws with regard to a promissory note executed March 4, 1980.
The trial judge found the 15 per cent interest rate usurious, and his decree forfeited all interest that had been paid and all future interest in accord with the dictates of LSA-R.S. 9:3501, which reads:
“Any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted.”
For reasons following, we affirm this judgment.
BACKGROUND
On March 4, 1980, appellants John and Helen Beninate sold property to Nicholas B. Licata, Jr. and the other listed appellees, who signed a 15-year, $67,000.00 promissory note specifying the interest rate at 15 per cent. The legal rate of interest was then 12 per cent.
Because the appellees were unable to meet the monthly payments, the Beninates agreed to accept an “interest only” payment of $610.00 each month; and from April 1, 1980, through December 4, 1981, this amount was regularly paid.
On March 4, 1981, appellees tendered $2,933.25, which was needed to reduce the indebtedness to $67,000.00. On December 28, 1981, appellees paid $3,433.66, again reducing the indebtedness to $67,000.00.
In January and February of 1982, appel-lees paid $937.73, which included interest and, for the first time, principal. This suit was instituted when the parties disagreed over which part of the $937.73 should be applied to interest and which part to principal.
The Beninates credited $865.21 to interest and only $72.52 to principal, and appellees objected to this breakdown. A petition for the recovery of usurious charges was then filed, seeking recovery of $20,296.40 previously paid and the forfeiture of future interest.
On July 29,1982, the trial judge rendered judgment as prayed for.
APPELLANTS’ CONTENTION
The Beninates’ primary argument on appeal is that Title 12, Section 86a of the United States Code preempts R.S. 9:3501. This federal act does preempt R.S. 9:3501 and similar statutes of other states, but its effective date is April 1,1980, and the Beni-nate-Licata promissory note is dated March 4, 1980.
The relief-giving federal statute can reach back and cover pre-April 1, 1980 transactions if certain conditions are met, but the instant transaction does not qualify.
The transaction would fit under Title 12, Section 86a if (1) it was funded in whole or part after April 1, 1980, (2) it had a variable or fluctuating interest rate or (3) it was a renewal, extension or other modification of an obligation existing prior to April 1, 1980.[1] Clearly, the March 4, 1980, sale-and-mortgage transaction does not meet any of these tests.
CONCLUSION
As the trial judge noted in his “Reasons for Judgment,” the voiding of all interest is *1333 very harsh, especially since the Beninates in no way intended to take illegal advantage of appellees.
Prom the “Reasons”:
“Again and again, defendant (Beninate) bent over backwards to accommodate plaintiff (Licata) and assist plaintiff in acquiring the property he so much desired and yet seemingly could not afford. Plaintiff quite obviously could not obtain financing from any other source... It is hard to imagine how plaintiff was in any way ‘victimized’ by the transactions herein. Nevertheless, the Court has no alternative but to apply the law as it was written at the time the contract was executed ... on March 4, 1980.”
The district court judgment correctly applied R.S. 9:3501 and disregarded Title 12, Section 86a, and we affirm the award of $20,296.40 to appellees and the forfeiture of all future interest on the mortgage note executed on March 4,1980. Appellants are to pay all costs.
AFFIRMED.

. Reference the annotated section following Ti-tie 12, Section 86a, United States Code.