450 So.2d 237 (1984)
Edward R. BRANN, d/b/a Brann's Auto Parts & Sales, Edward R. Brann, Individually and Betty Jo Brann, Individually, Appellants/Cross-Appellees,
v.
FLAGSHIP BANK OF PINELLAS, N.A., Appellee/Cross-Appellant.
No. 83-829.
District Court of Appeal of Florida, Second District.
April 11, 1984.
Rehearing Denied May 18, 1984.
*238 G. Robert Schultz, St. Petersburg, for appellants/cross-appellees.
Richard J. Neefe, St. Petersburg, for appellee/cross-appellant.
SCHEB, Judge.
This appeal and cross-appeal present two issues. The first issue is whether, in a suit on a promissory note, a national banking association is limited to recovering the maximum rate of interest allowed under Florida law. The second is whether the court erred in refusing to impose liability on a guarantor on the ground that the guaranty agreement was stale.
Flagship Bank of Pinellas, N.A., as holder of a note executed March 3, 1981, brought suit against Edward R. Brann, d/b/a Brann's Auto Parts & Sales, the maker of the note. The bank sought recovery of the unpaid principal balance of $14,999.99, plus accrued interest, costs, and attorneys' fees. Mr. Brann's note to Flagship provided for interest at 21% per annum with the rate subject to a daily change, which allowed it to float two points above the bank's prime rate. Flagship also sought judgment against the maker's wife, Betty Jo Brann, as guarantor to the extent of $12,000. Mrs. Brann had signed the guaranty agreement in 1978, some two and one-half years before Mr. Brann signed this note.
After a nonjury trial the court entered final judgment in favor of Flagship and against Mr. Brann for the principal sum due on the note. However, the court limited the bank's recovery of interest to 18% per annum, the maximum allowed by Florida law on this type of transaction. In its findings, the trial judge observed that Flagship Bank, as a national bank, was entitled to set the interest rates under applicable federal regulations. Nevertheless, the court concluded, since the note stated that it was to be governed by the laws of Florida, the bank had waived that privilege. Further, the court declined to find Mrs. Brann liable as a guarantor, because it concluded that her 1978 guarantee was stale and, therefore, of no force and effect.
On appeal the Branns contend that the trial court erred in allowing the bank to recover any sums other than the principal due on Mr. Brann's note. Since the interest exceeded the 18% per annum permitted by section 687.02, Florida Statutes (1981), they contend the note was usurious, and that under section 687.04, the entire interest should be purged. The bank, on the *239 other hand, argues that as a national association it is not limited in its recovery of interest by the laws of Florida. Next, the bank points out that Mrs. Brann's guarantee was absolute and not limited by time; therefore, the court erred in declining to hold her liable as a guarantor. We think the bank is correct on both points.
Because the note was executed on March 3, 1981, in favor of a national banking association, the bank's interest rates are regulated by the Depository Institutions Deregulation and Monetary Control Act of 1980. 12 U.S.C. § 86a(a) (1980). See also Licata v. Beninate, 436 So.2d 1331 (La. Ct. App. 1983). Under this act and pertinent regulations, the bank is permitted, during the term of the loan, to charge a rate of interest equal to 5% in excess of the discount rate, including any surcharge on ninety-day commercial paper, in effect at the Federal Reserve Bank in Atlanta, Georgia. 12 U.S.C. § 86a(a). There is no suggestion that the interest charged by Flagship exceeded the interest ceilings authorized by the federal act and regulations.
Mr. and Mrs. Brann, while conceding the foregoing, argue that Flagship waived its right to charge the federally-sanctioned interest by including in the note a provision that stated, "this note shall be governed by the laws of the State of Florida." We see no merit in this contention.
Florida courts have held that 12 U.S.C. sections 85 and 86, pre-empt state law as to the remedy where a national bank is involved in charging a rate of interest usurious under state law. Ellis National Bank v. Davis, 359 So.2d 466 (Fla. 1st DCA 1978), cert. denied, 440 U.S. 976, 99 S.Ct. 1547, 59 L.Ed.2d 796 (1979); Coral Gables First National Bank v. Constructors of Florida, Inc., 119 So.2d 741 (Fla. 3d DCA 1960). Although the note here stated that it was governed by Florida law, we do not think Florida law can be applied in respect to an interest rate which has been preempted by federal law. See Fidelity Federal Savings & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982); Licata, 436 So.2d at 1332. The rate of interest charged was not usurious under federal law. Therefore, the trial court should have awarded the bank the entire amount of interest due, together with the full amount of reasonable attorneys' fees. See § 687.06, Fla. Stat. (1981).
The trial court also erred in holding that the guaranty agreement executed by Mrs. Brann was stale and of no force and effect. The guaranty agreement was signed by Mrs. Brann on October 27, 1978, and, by its terms, was absolute, continuing, and revocable only by notice in writing. The guaranty's terms covered any future indebtedness to the bank incurred by Mr. Brann, d/b/a Brann's Auto Parts.
A continuing guaranty covers all transactions, including future ones, that are within the contemplation of the agreement. Fidelity National Bank v. Melo, 366 So.2d 1218, 1221 (Fla. 3d DCA 1979); Fewox v. Tallahassee Bank & Trust Co., 249 So.2d 55, 57 (Fla. 1st DCA), cert. denied, 252 So.2d 799 (Fla. 1971); Bryant v. Food Machinery & Chemical Corp., 130 So.2d 132, 134 (Fla. 3d DCA 1961). A guaranty which provides it will run until further notice remains in force until revoked by the guarantor. Bryant, 130 So.2d at 134.
There is no contention that Mrs. Brann revoked her guaranty prior to Mr. Brann's execution of the note sued upon. Clearly, the note here was encompassed within the guaranty agreement, which embraced "any and all loans." Since the agreement contained no expiration period and has not been revoked, the trial court erred in finding it was not applicable to this note.
Accordingly, we reverse and remand to the trial court for entry of a revised judgment. The court should award the bank the full amount of interest it is entitled to under the terms of its note, adjudge Mrs. Brann liable on her guaranty, and award the bank reasonable attorneys' fees and court costs.
HOBSON, A.C.J., and SCHOONOVER, J., concur.