BARFIELD, Judge.
We affirm the final summary judgment entered against appellants in appellee’s action for breach of personal guaranty and waiver agreements. The agreements secured the full and prompt payment of a corporate line of credit extended by appel-lee.[1] We reject appellants’ argument that noncompliance with an alleged oral condition precedent to the delivery and enforceability of the guaranty and waiver agreements voided the agreements “ab initio.” Throughout the lending relationship, the line of credit operated as originally contemplated. If the procedure did in fact change, it did so only at the tail end of the relationship when appellee attempted to resolve the corporation’s delinquent account. In other words, appellee complied with the alleged condition precedent in every financial transaction it funded, except the final one. Under these circumstances, we construe the condition precedent exception to the parole evidence rule to be inapplicable.[2]
We find no merit to the other issues raised by appellants. Accordingly, we AFFIRM.
SHIVERS, C.J., and ZEHMER, J., concur.

. The guaranty and waiver agreement were "continuing" in nature, covering all transactions, including those arising in the future, which were within the description or contemplation of the agreement. Causeway Lumber Co., Inc. v. King, 502 So.2d 80 (Fla. 4th DCA 1987); Brann v. Flagship Bank of Pinellas, N.A., 450 So.2d 237 (Fla. 2d DCA 1984); Fidelity Nat'l Bank v. Melo, 366 So.2d 1218 (Fla. 3d DCA 1979); Fewox v. Tallahassee Bank & Trust Co., 249 So.2d 55 (Fla. 1st DCA 1971), cert. den., 252 So.2d 799 (Fla.1971); Bryant v. Food Machinery and Chemical Corp. Niagara Chemical Div., 130 So.2d 132 (Fla. 3d DCA 1961).

. See Cockrell v. Taylor, 122 Fla. 798, 165 So. 887 (1936), in which the supreme court held that parol evidence was admissible to show that the delivery of a written agreement, unconditional on its face and fully executed, was subject to a condition precedent. The condition precedent exception to the parol evidence rule exists in order to establish that an agreement never became operative due to the failure of a certain condition or contingency, "hence there could be no modification or variance or contradiction of it as such.” Ketchian v. Concannon, 435 So.2d 394, 395 (Fla. 5th DCA 1983). While we adhere to the priciple enunciated in these cases, we distinguish them based upon the particular facts of the present case.