COBB, Judge.
The issue on this appeal is whether the defendants below — Howard Zorn’s Equipment Service, Inc., Howard L. Zorn, and Norma H. Zorn — were properly discharged from any and all obligation in regard to two pieces of heavy equipment, an International Harvester dump truck and a Michigan-Clark wheel loader.
Howard Zorn’s Equipment Service, Inc. (hereinafter Zorn, Inc.) was a corporation owned and controlled by Howard and Norma Zorn, and was engaged in land clearing and site preparation work. Commencing in the early 1970’s, Zorn, Inc. leased equipment from C.A. Leasing Service Corporation (hereinafter C.A. Leasing), the plaintiff below. In 1979, the Zorns individually executed continuing personal guaranties in favor of the plaintiff, C.A. Leasing. These guaranties have not been revoked at any time.
In 1983, Zorn, Inc. leased the dump truck from Boebinger International Truck Sales, Inc. and the wheel loader from Linder Machinery Corporation. Simultaneously, these leases were assigned by Boebinger and Linder to C.A. Leasing. On July 1, 1985, Zorn, Inc. executed transfer and assumption agreements for the truck and wheel loader to Jerome Zorn, Howard and Norma’s son. The agreements do not purport to release Zorn, Inc. from liability. In conjunction with the transfer and assumption agreements, Jerome Zorn executed two promissory notes. Each promissory *746 note contains indorsements executed by Zorn, Inc., Howard Zorn and Norma Zorn.
In March, 1986, the dump truck and wheel loader accounts went into default. C.A. Leasing filed suit against the original lessee, Zorn, Inc. and the three Zorns individually. Subsequent to filing the complaint, C.A. Leasing merged into First Interstate Credit Alliance (hereinafter First Interstate).
After the action was filed, the dump truck was wrecked and Boebinger International Truck Sales, Inc. claimed a lien on the vehicle for repairs. C.A. Leasing and Boebinger eventually reached an agreement under the terms of which Boebinger sold the equipment to satisfy its lien and C.A. Leasing received the excess sale proceeds and applied them to the Zorn account.
After initiation of the suit, C.A. Leasing regained possession of the wheel loader and subsequently sold it at a public sale in 1987, after giving notice of the sale to the Zorns. At trial, two individual employees of C.A. Leasing, Krueger and Rizzo, testified on behalf of the plaintiff. They testified they had been continuously employed by either C.A. Leasing or First Interstate at all times. The trial court, however, refused to permit oral testimony in regard to the transfer of any interest from C.A. Leasing to First Interstate, and also rejected as inadmissible any and all business records pertaining to transactions between the Zorns and C.A. Leasing on the basis that First Interstate was not a party to the litigation.
Krueger testified that at no time did he agree to release the Zorns from their liability under the 1979 continuing personal guaranties or the indorsements of the promissory notes executed in 1985 in conjunction with the transfer of the equipment to Jerome Zorn. Howard and Norma Zorn testified that Krueger orally released them from all liability at the time of the transfer to Jerome.
The final judgment found Florida Rule of Civil Procedure 1.260(c)[1] to be inapplicable to this action, excluded virtually all of the plaintiff’s documentary evidence, exonerated the Zorns from liability under the continuing personal guaranties and the express indorsements of the promissory notes, held the lease instruments to be security agreements governed by the Uniform Commercial Code, and denied C.A. Leasing any deficiency judgment.
At the outset, it is clear that a new trial is mandated by reason of the trial court’s exclusion of documentary evidence on the basis that there was no proper showing of the relationship between the plaintiff, C.A. Leasing, and the successor corporation, First Interstate. Clearly, unless the court orders substitution of parties, an action may be maintained by the original party to the action. The trial court should either have permitted the action to be continued in the name of the original party, or should have ordered the successor entity to be substituted as the real party in interest. See Schmidt v. Mueller, 335 So.2d 630 (Fla. 2d DCA 1976); Gas Development Corp. v. Royal Oak Builders, Inc., 253 So.2d 738 (Fla. 4th DCA 1971). The trial court erroneously applied the “best evidence” rule to the transfer of interest from C.A. Leasing to First Interstate. That rule, however, is applicable only to exclude evidence where the contents of a writing are at issue. The issue here did not involve the terms or provisions of the transfer of interest itself. See Cox v. State, 87 Fla. 79, 99 So. 126 (Fla.1924); Gory Associated Industries, Inc. v. Griffin, 397 So.2d 1054 (Fla. 4th DCA 1981).
We also find that the trial court erred in holding, as a matter of law, that the 1979 guaranty agreements executed by Howard Zorn and Norma Zorn did not impose any personal liability upon them in connection with the Harvester truck and the Michigan-Clark wheel loader on the basis that it would be unconscionable to *747 impose personal liability on Howard Zorn and Norma Zorn for the aforementioned equipment lease agreements, when the original equipment lease agreements (with Boebinger and Linder) were executed only by Zorn, Inc. in a corporate capacity, and were not at any time executed by Howard Zorn and Norma Zorn individually. This finding ignores the clear wording of the two continuing personal guaranties in favor of C.A. Leasing in 1979. The plain language of the continuing personal guaranties executed by Howard and Norma Zorn in 1979 specifically contemplated future assignments involving third parties, and created rights independent of the original lease between the equipment vendors and Zorn, Inc. There is nothing invalid about a continuing personal guaranty. See RMJ Enterprises of Northwest Florida, Inc. v. Borg Warner Acceptance Corporation, 547 So.2d 211 (Fla. 1st DCA 1989), review denied, 554 So.2d 1168 (Fla.1989); Causeway Lumber Company, Inc. v. King, 502 So.2d 80 (Fla. 4th DCA 1987); Brann v. Flagship Bank of Pinellas, N.A., 450 So.2d 237 (Fla. 2d DCA 1984); Fidelity National Bank of South Miami v. Melo, 366 So.2d 1218 (Fla. 3d DCA 1979); Bryant v. Food Machinery & Chemical Corporation Niagara Chemical Division, 130 So.2d 132 (Fla. 3d DCA 1961).
The 1979 personal guaranties were improperly excluded by the trial court’s misconceived application of the “best evidence” rule in regard to the corporate merger of C.A. Leasing and First Interstate. Although the earlier personal guaranties were not pled as the basis for C.A. Leasing’s action, they were clearly relevant to the issue of whether the Zorns knowingly and willingly executed the 1985 guaranties of the promissory notes executed by Jerome, since it was their contention they would not willingly have undertaken a “new” personal obligation at that time. We also question whether, as a matter of law, there could be reasonable reliance by either Howard Zorn or Norma Zorn on any representation by Krueger in 1985 to the effect that the express language of the note indorsements they executed at that time did not mean what it said. See, e.g., J.M. Montgomery Roofing Co., Inc. v. Fred Howland, Inc., 98 So.2d 484 (Fla.1957); E.J. Sparks Enterprises v. Christman, 95 Fla. 928, 117 So. 388 (Fla.1928); Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton, 467 So.2d 311, 312 (Fla. 5th DCA 1985).
REVERSED AND REMANDED FOR NEW TRIAL.
GOSHORN and PETERSON, JJ„ concur.

. (c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.