901 So.2d 969 (2005)
Stephen A. LEVINE, Ph.D. and Nutricology, Inc., Appellants,
v.
Nicholas GONZALEZ, M.D., Robert H. Harris, The Earth's Harvest, Inc., and Nutrisupplies, Inc., Successor in Interest to Robert H. Harris and The Earth's Harvest, Inc. and Searcy, Denney, Scarola, Barnhart & Shipley, P.A., Appellees.
No. 4D04-1250.
District Court of Appeal of Florida, Fourth District.
May 11, 2005.
*970 Rick Edwards of Rick Edwards, Inc., Los Angeles, CA, for appellants.
Brenda J. Carter, Fort Lauderdale, and Jack Scarola of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellees.
PER CURIAM.
Stephen A. Levine and Nutricology, Inc. appeal the trial court's order granting the motion to foreclose charging lien filed by Searcy, Denney, Scarola, Barnhart & Shipley, P.A., the attorneys for Nutrisupplies, Inc. (the successor in interest of Robert H. Harris and the Earth's Harvest, Inc.). We reverse.
The case at bar has been the subject of three prior appeals to this Court, and based on the opinions resulting from those appeals, we provide the following historical background of the case. Harris, Earth's Harvest, and Nutrisupplies filed suit against Levine, Nutricology, and Nicholas Gonzalez (who is not a party to this appeal), resulting in a summary judgment in favor of Levine and Nutricology, as discussed in Harris v. Gonzalez, 789 So.2d 405 (Fla. 4th DCA 2001). During those proceedings, Levine and Nutricology had filed an offer of judgment under Florida Statutes section 768.79. Based on this *971 offer of judgment, Levine and Nutricology moved for attorney's fees after the entry of the summary judgment, and the trial court denied the motion. This Court reversed the trial court's order and remanded for the entry of an attorney's fee award in Levine v. Harris, 791 So.2d 1175 (Fla. 4th DCA 2001). Levine and Nutricology were awarded $122,666.11 in attorney's fees, and the award was affirmed by this Court. Nutrisupplies, Inc. v. Gonzalez, 855 So.2d 71 (Fla. 4th DCA 2003) (Table).
Levine and Nutricology's attorney's fee award went unsatisfied, resulting in a writ of execution which also failed to result in payment. They then moved for proceedings supplementary, requesting that the remaining claim in the lawsuit, that is, the one by Harris, Earth's Harvest, and Nutrisupplies against Gonzalez, be sold as a chose in action at auction to the highest bidder in order to satisfy their attorney's fee award. Nutrisupplies (as successor in interest to Harris and Earth's Harvest), through its law firm, Searcy Denney, opposed the auction and asserted that "sale of the asset would substantially prejudice the rights of third parties including other creditors of the Plaintiff corporation and Plaintiff's counsel who are entirely dependent on the outcome of the litigation for the repayment of obligations owed by the corporation to them."
A hearing was held and the trial court entered an order on the motion for proceedings supplementary on June 2, 2003, concluding:
ORDERED AND ADJUDGED that Defendants Levine and Nutricology's Motion for Proceedings Supplementary (Amended) is Granted, in part. The chose in action of Nutrisupplies, Inc., and Earth's Harvest, Inc., or either of them, against Nicholas Gonzalez, M.D., currently being prosecuted under the above caption ("Property") shall be sold by the Sheriff at a public sale no earlier than 60 and no more than 90 days from the date hereof, in accordance with the procedures contained in Florida Statute §§ 56.21, 56.22, 56.25. All proceeds shall be held for distribution by court order only.
Additionally, the trial court provided that "[t]he Property shall be sold subject to attorney's charging liens." Although the trial court and the parties recognized that Searcy Denney might seek a charging lien to recover its fees, as we explain below, the order's language did not establish Searcy Denney's claim of lien without it timely taking further action. The auction was then scheduled for August 29, 2003 at 11:00 a.m.
Levine and Nutricology purchased the chose in action at the auction for one dollar drawn against the credit of the attorney's fee award. Levine and Nutricology then settled the outstanding claim against Gonzalez for $250,000 to be paid by his insurer. The settlement was announced at a calendar call on September 26, 2003. On the same day, Searcy Denney served a Notice of Charging Lien on Levine and Nutricology by facsimile and mail. On September 29, 2003, Levine and Nutricology filed a Stipulation for Dismissal with Prejudice based on the settlement with Gonzalez. On October 1, 2003, Searcy Denney filed the Notice of Charging Lien based on a contingency fee agreement between Searcy Denney and Nutrisupplies.
Searcy Denney filed a Motion to Foreclose Charging Lien on November 20, 2003. Levine and Nutricology opposed the charging lien and motion to foreclose based on grounds of, inter alia, timeliness. Following a hearing, the trial court entered an order granting the motion to foreclose the charging lien on March 26, 2004. The trial court found that:
Here, the evidence establishes the charging lien was imposed prior to the *972 judicial sale. Plaintiffs had a written contract with the Law Firm; the Law Firm's fees were contingent on, and expected to be recovered from, Plaintiffs' recovery; and the sale of the claim placed payment in dispute. By Court order, the Property was sold subject to the lien. The lien has since been perfected. Finally, while the judgment creditors and Gonzalez have agreed to dismissal, no dismissal has been entered and the action remains pending: (i) Nutricology and Levine were never substituted as plaintiffs and Plaintiffs themselves never dismissed their claim against Gonzalez and (ii) absent substitution or joinder by Plaintiffs, the purported dismissal is ineffective.
The trial court ordered that the $250,000 settlement proceeds and any account into which they were commingled be subject to Searcy Denney's charging lien.
To impose a charging lien, an attorney or firm must meet the following requirements:
(1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice.
Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla.1986). The timely notice requirement must be met for the perfection of the lien and the other three requirements must be established for the imposition of the lien. See Hannah v. Elder, 545 So.2d 503, 504 (Fla. 4th DCA 1989).
We address Levine and Nutricology's first assertion on appeal, that the trial court, on March 26, 2004, lacked jurisdiction to act on the motion to foreclose the charging lien because the case had been voluntarily dismissed on September 29, 2003 before the notice of charging lien was filed on October 1, 2003. In response, Nutrisupplies and Searcy Denney maintain that the trial court correctly concluded that Florida Rule of Civil Procedure 1.260(c) required substitution of parties following the auction and that Florida Rule of Civil Procedure 1.420(a)(1)(B) required that the notice of voluntary dismissal be signed by all parties who had appeared in the action, including Nutrisupplies, even though it no longer had an interest in the lawsuit.
Florida Rule of Civil Procedure 1.260(c) provides:
Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.
This rule has been repeatedly interpreted as follows:
The Rule is explicit. And once the trial judge concluded the plaintiff had transferred his cause of action to his newly-formed corporation two alternatives were available to the court: (1) to allow the action to be continued in the name of the plaintiff; or (2) to allow [the person to whom the interest was transferred] to be either substituted for or joined with the original party-plaintiff.
Schmidt v. Mueller, 335 So.2d 630, 631 (Fla. 2d DCA 1976); see also Sun States Utils., Inc. v. Destin Water Users, Inc., 696 So.2d 944 (Fla. 1st DCA 1997); C.A. Leasing Serv. Corp. v. Zorn's (Howard) Equip. Serv., 565 So.2d 744 (Fla. 5th DCA 1990); Gas Dev. Corp. v. Royal Oak Builders, Inc., 253 So.2d 738 (Fla. 4th DCA 1971); Narrows Corp. v. Boca Ciega Sanitary Dist., 230 So.2d 49 (Fla. 2d DCA 1970); Miami Airlines, Inc. v. Webb, 114 So.2d 361 (Fla. 3d DCA 1959).
Rule 1.260(c) addresses "any transfer of interest," which necessarily includes *973 the transfer of interest in a chose of action through a court-ordered auction. As such, under the plain language of the rule, after the transfer, the action may be continued in the name of the plaintiff. Substitution is not necessary, but the trial court may allow substitution upon motion by a party. Thus, Levine and Nutricology were not required to be substituted into the lawsuit as plaintiffs.
Florida Rule of Civil Procedure 1.420(a)(1)(B) addressing voluntary dismissal provides:
Except in actions in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court ... by filing a stipulation of dismissal signed by all parties who have appeared in the action.
The plain language of Rule 1.420(a)(1)(B) seems to require that a stipulation for voluntary dismissal must be signed "by all parties who have appeared in the action." This would indicate that any party that had ever appeared in the course of litigation would be required to sign, even if no longer a part of the litigation, or even if voluntarily dismissed from the litigation in the past. Such a result would be unreasonable, and as such, a literal interpretation of the rule should be rejected. See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) ("It is also true that a literal interpretation of the language of a statute need not be given when to do so would lead to an unreasonable or ridiculous conclusion."). It is much more logical that only the parties presently appearing in the action be required to stipulate to a voluntary dismissal. This interpretation of the rule is supported by the Author's Notes to the rule which state that a plaintiff may voluntarily dismiss a case "by filing a dismissal signed by all the appearing parties," indicating those parties existing in the present, rather than past, tense. We conclude that the transfer of interest placed Levine and Nutricology into the shoes of Harris, Earth's Harvest, and Nutrisupplies, so that although no formal substitution occurred, Harris and company were replaced in the lawsuit by Levine and company. The opposite conclusion would be unreasonable because it would allow parties with no interest in a lawsuit to control the prosecution of the lawsuit. Therefore, at the time of the stipulation of voluntary dismissal, the only parties to the lawsuit were Levine, Nutricology, and Gonzalez, who all signed the stipulation. As such, the voluntary dismissal was proper.
Based on these conclusions, we reject Nutrisupplies and Searcy Denney's contentions and the interpretations of the rules on which they are based. Therefore, Levine and Nutricology were proper parties to the case based on the purchase of the chose in action at the auction and were entitled to file a stipulation of voluntary dismissal regarding the claim against Gonzalez without the consent of Harris, Earth's Harvest, or Nutrisupplies.
Where parties file such a stipulation of voluntary dismissal, the trial court is divested of "case jurisdiction," or "the power of the court over a particular case that is within its subject matter jurisdiction." MCR Funding v. CMG Funding Corp., 771 So.2d 32, 35 (Fla. 4th DCA 2000); see also Randle-Eastern Ambulance Serv. v. Vasta, 360 So.2d 68, 69 (Fla.1978) (holding that voluntary dismissal "remove[s] completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of `jurisdiction'").
Because Levine and Nutricology filed an effectual notice of voluntary dismissal on September 29, 2003, and Searcy Denney did not file the notice of charging lien until October 1, 2003, the trial court *974 was without jurisdiction to entertain, or enter an order regarding, the motion to foreclose the charging lien filed on November 20, 2003. Additionally, because the charging lien itself was not filed prior to the notice of voluntary dismissal, it was not perfected because "[i]n order to be `timely,' notice of an attorney's charging lien must be filed `before the lawsuit has been reduced to judgment or dismissed pursuant to settlement.'" Heller v. Held, 817 So.2d 1023, 1025-26 (Fla. 4th DCA 2002) (citations omitted); see also Daniel Mones, P.A., 486 So.2d at 561. Due to the trial court's lack of jurisdiction to consider the motion to foreclose the charging lien and the fact that the charging lien itself was not perfected, we decline to consider the remaining issues on appeal regarding the propriety of the trial court's order granting the motion to foreclose the charging lien and findings and rulings related to that order.
Therefore, because the case was voluntarily dismissed prior to the perfection of the charging lien and the entry of the order foreclosing the charging lien, the trial court was without jurisdiction to impose and foreclose the charging lien. As a result, we reverse and remand for the trial court to vacate the Order on Motion to Foreclose Charging Lien.
Reversed and Remanded.
GUNTHER, POLEN and HAZOURI, JJ., concur.