IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


HERC RENTALS, INC.,

      Appellant,

  v.

Case No.  5D22-1241
LT Case No. 2020-CA-000645


SUPERIOR SITE SERVICES, INC. AND
CHAD D. LEE,

      Appellees.

_____/

Opinion filed March 3, 2023

Appeal from the Circuit Court
for Seminole County,
Nancy F. Alley, Senior Judge.

Heather A. DeGrave and Andrew W.
Peeler, of Walters Levine & DeGrave,
Tampa, for Appellant.

Eric W. Ludwig, of Law Office of Eric
W. Ludwig, Altamonte Springs, for
Appellees.


LAMBERT, C.J.

The primary issue in this appeal concerns a continuing personal guaranty executed by Chad D. Lee, one of the appellees, in favor of the appellant, HERC Rentals, Inc. ("HERC"), regarding any amounts owed to HERC by his business, Superior Site Services. The trial court entered final judgment in favor of HERC after a nonjury trial, awarding it damages against the co-appellee, Superior Site Services, Inc., in the sum of $42,618.16, for monies owed to HERC on certain leased construction equipment.[1] The court, however, adjudged that HERC take nothing on its guaranty claim against Lee, individually, finding that the guaranty was "expired and of no force and effect."

We affirm the judgment entered against Superior Site Services, Inc., without further discussion. As we explain, the judgment in favor of Lee is reversed; and we remand to the trial court with directions for it to amend the final judgment to show that Superior Site Services, Inc., and Lee are jointly liable to HERC for the above awarded damages.[2]

---

[1] Superior Site Services, Inc., has not challenged this judgment.

[2] In addition to HERC's argument that the trial court erred in finding that the guaranty had expired, HERC raises two other issues for reversal. We affirm on these claims. *See Hammond v. State*, 34 So. 3d 58, 59 (Fla. 4th DCA 2010) (citing *Doorbal v. State*, 983 So. 2d 464, 482–83 (Fla. 2008); *Shere v. State*, 742 So. 2d 215, 217 n.6 (Fla. 1999)).

BACKGROUND—

In 2003, Lee registered the fictitious name of Superior Site Services with the State of Florida. In these documents filed with the State, Lee listed himself as the sole owner of Superior Site Services.

In 2006, Lee, on behalf of Superior Site Services, sought to rent construction equipment from HERC for use in Superior Site Services's grading and sitework business. As a condition for renting this equipment, HERC required Lee to execute a credit application, which he did. This document contained a continuing unconditional guaranty in which Lee personally promised to pay to HERC all amounts that were either currently owing or "which may hereinafter become owing." Lee also agreed to promptly notify HERC in writing of any change in Superior Site Services's ownership, form, or structure, acknowledging that if he failed to notify HERC of any such change, he "expressly assumes full responsibility for all charges and/or credit extensions made on this account subsequent to such change."

HERC approved Superior Site Services's credit application. It set up an account under which Superior Site Services began leasing equipment from HERC. Superior Site Services would thereafter receive invoices under this account name and number for the monies that it owed to HERC.

3

In 2007, Lee changed the registration of the name Superior Site Services with the State of Florida to show that his corporation, C. Lee, Inc., and not him personally, had become the sole owner of this fictitious name. Prior to that, Lee had also incorporated the co-appellee, Superior Site Services, Inc., of which he was both the sole owner and sole member of its board of directors. Lee would later testify at trial that during this time, he simultaneously used the fictitious name Superior Site Services for both C. Lee, Inc., and Superior Site Services, Inc., in order to make the Superior Site Services "entity" look "bigger."

C. Lee, Inc., was administratively dissolved by the State of Florida in 2011. Thereafter, in 2016, Lee and HERC were in contact regarding Superior Site Services's rental of construction equipment for use in its business. Lee never advised HERC that Superior Site Services had changed ownership or form, nor did he advise HERC, consistently with his later defense at trial, that Superior Site Services was ostensibly different than Superior Site Services, Inc. Resultingly, HERC relied on the business relationship that it had developed with Lee and Superior Site Services and did not require that Lee execute a new credit application or a new guaranty, which it would have otherwise required had Superior Site Services, Inc., been a new customer. Superior Site Services, Inc., proceeded to rent

4

equipment from HERC under the same account number that the fictitious name, Superior Site Services, had used since 2006. Email exchanges between HERC and Superior Site Services, Inc., used the same email address previously used by the fictitious name first owned by Lee and then owned by the since-dissolved C. Lee, Inc.

The relationship between the parties continued until approximately 2017, when Superior Site Services, Inc., did not pay for monies it owed to HERC for its rental of two track loaders and one trailer. HERC's branch manager contacted Lee about the outstanding balances owed, reminding him of his personal guaranty to HERC to pay these debts. Lee did not question or dispute the existence or the applicability of his prior guaranty, nor did he indicate to HERC that he would not be liable under the guaranty for these unpaid obligations because Superior Site Services, Inc., was an entity separate and apart from Superior Site Services.

HERC eventually sued Superior Site Services, Inc., in 2020 for, among other things, breach of contract. Lee was sued in the same complaint for breach of the guaranty agreement. As previously mentioned, at the conclusion of the bench trial, the trial court found that Lee's personal guaranty was "expired and of no force and effect"; thus, Lee was found to not be personally liable to HERC for the damages determined by the trial

court to be owed to it by Superior Site Services, Inc. HERC argues on appeal that the trial court erred in finding that Lee's continuing guaranty expired.

ANALYSIS—

There is no dispute that Lee signed a continuing guaranty with HERC and that, as established by his trial testimony, Lee never notified HERC of any revocation of his personal guaranty. "The rule is that a continuing guaranty remains in effect until revoked." *Causeway Lumber Co. v. King*, 502 So. 2d 80, 81 (Fla. 4th DCA 1987) (citing *Brann v. Flagship Bank of Pinellas, N.A.*, 450 So. 2d 237, 239 (Fla. 2d DCA 1984)). Nevertheless, Lee's successful argument at trial was that once his corporation, C. Lee, Inc., was administratively dissolved by the State of Florida long before the equipment rental transactions with HERC at issue, he was released from the personal guaranty or, at the very least, the guaranty was no longer in effect.

In *Sheth v. C.C. Altamonte Joint Venture*, 976 So. 2d 85 (Fla. 5th DCA 2008), this court listed the following four factors to consider as to whether a guarantor should be released from a guaranty:

1. "the obligee's lack of knowledge of a change in the obligor's business";

2. "the nature of the change of the obligor business";

3. "whether the guarantor participated in the change in the obligor business"; and

6

4. "whether the guarantor sought to revoke the guaranty."

*Id.* at 88–89.

Applying these factors to the undisputed evidence at trial, Lee testified that he never sought to revoke the guaranty prior to the suit being filed. Moreover, HERC lacked knowledge that the ownership or structure of Superior Site Services changed. Additionally, Lee was the person who owned and operated Superior Site Services first in his individual name, and who later participated in this name being used by his two corporations, C. Lee, Inc., and Superior Site Services, Inc. As previously mentioned, Lee's trial testimony showed that he simultaneously used the name Superior Site Services for both C. Lee, Inc., and Superior Site Services, Inc., in order to portray Superior Site Services as a "bigger entity." Lastly, C. Lee, Inc., and Superior Site Services, Inc., both performed grading and sitework under the name Superior Site Services.

Under these specific circumstances, we find that the trial court reversibly erred when it concluded that Lee's continuing personal guaranty with HERC had "expired." Accordingly, we reverse that part of the final judgment holding that HERC take nothing on its action against Lee. We remand with directions to the trial court that it amend its final judgment to

7

show that Lee is jointly liable with the co-appellee, Superior Site Services, Inc., for the $42,816.68 in damages awarded to HERC.

AFFIRMED, in part; REVERSED, in part; REMANDED, with directions.

MAKAR and HARRIS, JJ., concur.