KNOTT, JAMES R., Associate Judge.
Appellant appeals from a final judgment based upon a verdict directed for appellees during the course of trial. The parties are referred to by their status in the trial court where appellant was plaintiff and appellees were defendants.
Plaintiff corporation brought suit for breach of a contract for repair of an aircraft. Defendants filed answer denying material allegations of the complaint and setting up other defenses. The case went to trial before a jury.
During the course of the trial, a witness, R. W. Duff, testifying for plaintiff corporation, stated in substance on cross-examination that after the suit had been filed, he, Duff, had received an assignment from plaintiff corporation of all its interest in the contract claim then being litigated, and plaintiff’s attorney then stipulated that such was so. Defendants at once moved for a directed verdict on the ground that plaintiff could not maintain the action by reason of the assignment. Thereupon, plaintiff’s attorney offered to substitute as a party plaintiff the witness Duff, assignee, in lieu of the plaintiff corporation. But the trial court at that stage of the proceedings directed a verdict for the defendants on the ground that the plaintiff had no interest in the claim sued upon.
The court thus held than an action based upon a contract claim is subject to adverse judgment on the merits where the original plaintiff assigns the claim to another during the pendency of the suit. Plaintiff here contends the court erred in directing the verdict under the circumstances presented.
A determination of the correctness of the ruling of the trial court is governed by Rule 1.19(c), 1954 Florida Rules of Civil Procedure, 30 F.S.A., which is in part as follows:
“Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. * # % »
We do not find nor are we referred to any decisions of the Florida courts interpreting the effect of this rule, but decisions from other jurisdictions construing similar provisions point to the correct solution of the question here presented.
The quoted rule is adopted from and is identical to the language in Rule 25(c), Federal Rules of Civil Procedure, 28 U.S.C.A. The Federal decisions interpreting this rule hold that although there has been a transfer of interest the action may properly be continued in the name of the original party. See E. I. Du Pont De Nemours & Co. v. Lyles & Lang Const. Co., 4 Cir., 1955, 219 F.2d 328, and Liberty Broadcasting System, Inc. v. Albertson, D. C., 15 F.R.D. 121.
Other states have interpreted similar code provisions to the effect that where there is *363 a transfer of interest pending suit the action may be continued in the name of the original party or the court may allow substitution of the transferee. These provisions are held to mean that a mere transfer of interest pending suit does not of itself defeat the right to continue the suit in the name of the original party. Cushing v. Newbern, 75 Okl. 258, 183 P. 409; Hoel v. Kansas City, 131 Kan. 290, 291 P. 780; Lowry v. Anderson, 57 Ohio St. 179, 48 N.E. 810.
Lowry v. Anderson, supra, is particularly in point with the case at bar. In that case the trial court entered judgment for defendant because it appeared that plaintiff pending suit had assigned the cause of action. On appeal, the court reversed the judgment, and held the fact that plaintiff had assigned his contract interest pending suit was no defense to the action and did not justify a judgment on the merits, under the statutory provision that upon transfer of an interest in an action, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted for him.
The rule of the Anderson case was recently affirmed in the case of Liebbrand v. Butler, 88 Ohio App. 185, 97 N.E.2d 80, and is the rule generally applied. See 149 A.L.R. 829, 837, annotation, citing numerous cases; 1 C.J.S. Abatement and Revival § 112, p. 162.
In the light of the authorities cited we hold that two alternatives are presented where there is a transfer of the cause of action pending suit. The action may be continued in the name of the original party, or the court may upon application allow substitution of the transferee. If it appears to the court in the latter event that further pleading prior to trial is necessary or appropriate, the court would in our view be authorized to declare a mistrial and proceed to trial at a subsequent date. But the court has no discretion to terminate the action and to enter adverse judgment on the merits solely because a transfer of interest has been made pending the suit.
We hold, therefore, that the trial court erred in directing a verdict under the circumstances here presented, and that the motion for new trial should have been granted.
Reversed.
HORTON, C. J., and PEARSON, J.„ concur.