335 So.2d 630 (1976)
Paul A. SCHMIDT, Appellant,
v.
John P. MUELLER et al., Appellees.
No. 75-1097.
District Court of Appeal of Florida, Second District.
July 30, 1976.
George O. Kluttz of Pavese, Shields, Garner, Haverfield & Kluttz, Fort Myers, for appellant.
Daniel A. Carlton of Dart, Dickinson, O'Riorden, Gibbons & Quale, Sarasota, for appellees.
SCHEB, Judge.
Appellant/plaintiff contends the trial court erred in dismissing his case on the *631 ground the real party in interest was not before the court. We agree and reverse.
Plaintiff Schmidt sued appellees/defendants contending the defendants Muellers were liable to him for a real estate commission and that the defendant Gram interfered with his contractual relationship with the Muellers. During the nonjury trial the plaintiff alluded to having incorporated his real estate business thereby assigning his business assets to Paul Schmidt, Inc., the new corporation of which he was president. Defendants Muellers moved to dismiss on grounds the new corporation was not before the court as a party-plaintiff.
The trial judge dismissed the action holding "... that the corporation had not been substituted as party Plaintiff; that the real party in interest was, therefore, not within the jurisdiction of this Court and the action should be dismissed." In its order of dismissal the trial judge noted the plaintiff had made an oral motion to substitute the newly-formed corporation as plaintiff but the court found "... that the Motion is too late." Plaintiff Schmidt's petition for rehearing was denied and this appeal ensued.
Rule 1.260(c), RCP, provides:
"(c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule."
The Rule is explicit. And once the trial judge concluded the plaintiff had transferred his cause of action to his newly-formed corporation two alternatives were available to the court: (1) to allow the action to be continued in the name of the plaintiff Schmidt; or (2) to allow Paul Schmidt, Inc. to be either substituted for or joined with the original party-plaintiff. See Miami Airlines, Inc. v. Webb, Fla. App.3d, 1959, 114 So.2d 361.
Defendants Muellers fail to show that any prejudice would have occurred unto them by the action being continued in the name of the plaintiff Schmidt. In effect they point to no real obstacle to exercise of the first alternative by the court. They do argue, however, that had the plaintiff been allowed to join or substitute the corporation that they would be compelled to respond to a claim brought by an unknown corporation whose interest and status would have been unknown to them. The simple answer is that Florida Rules of Civil Procedure are sufficiently flexible to allow the court to grant any further relief by way of continuance, discovery or otherwise to protect the defendants even if the court chose to exercise the second alternative.
Accordingly, the order of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
BOARDMAN, Acting C.J., and GRIMES, J., concur.