PER CURIAM.
Mark D. Collier appeals from a final order granting appellee’s (Canal Insurance Company) motion to dismiss. We consider in this appeal the issue of whether the trial court correctly granted that motion, in which it dismissed Collier’s complaint and counterclaim for declaratory relief on grounds of mootness. We reverse.
On Friday, October 8, 1982, B.A. Collier placed a phone call to Jasper Leroy Smith, his insurance agent. Collier told Smith he had purchased a truck for his seafood business and planned to use it the very next morning. The record does not reveal precisely what day Smith mailed Collier’s application for insurance to Shelly, Middle-brooks, Canal Insurance Company’s agent. On Sunday, October 10th, Mark Collier, driving the truck his father had asked Smith to insure the previous Friday, collided with a vehicle in Louisiana which was driven by a man named Daniel Turner. Collier notified Smith of the accident and Smith reported it to Shelly, Middlebrooks on Wednesday, October 13th. Shelly, Mid-dlebrooks did not receive Collier’s application and premium until Thursday, October 14th. Collier’s application and premium were postmarked October 12th.
Canal Insurance Company sued Collier seeking a declaratory judgment that it was not liable under the policy of insurance issued to Collier on October 12, 1982. Pending at the time Canal brought suit for declaratory relief was a lawsuit in which Daniel Turner had sued B.A. Collier, his son Mark, and Canal in Louisiana for injuries sustained in the October 10th accident. Collier answered and brought a similar action for declaratory relief against Canal seeking a judicial determination that his policy of insurance was effective prior to October 10, 1982. On November 25, 1985, Canal, Collier, and Smith collectively settled the Louisiana personal injury action involving Daniel Turner. As a result of that settlement, Collier received a full and unconditional release of all claims held by Turner.
On July 9, 1986, Canal moved to dismiss Collier’s complaint and counterclaim for declaratory judgment. The trial court granted the motion, stating:
This court ... is of the opinion that the real parties in interest in this case are Jasper Leroy Smith, Hannon Insurance Company, and International Insurance Company, none of which are parties to this action. Mark Collier would be entitled to declaratory judgment on behalf of Smith, Hannon, and International if his liabilities had not already been solved by the total release to him in Louisiana. Collier is not the real party in interest. The real parties in interest are Smith, Hannon, and International.
This court is of the opinion that neither party is entitled to receive a Declaratory Judgment in this proceeding and that the matter is now moot by virtue of the release to Collier of any liability concerning the wreck in Louisiana.
IT IS THEREFORE ORDERED AND ADJUDGED that this Court has no jurisdiction in this matter to render a Declaratory Judgment for any of the parties hereto and this matter is therefore moot and the request of the Plaintiff for this matter to be dismissed is granted.
Collier appeals from this order.
Canal argues that the trial court’s granting of the motion to dismiss based on grounds of mootness should be affirmed since Collier had accepted a release in full from all claims against him. The acceptance of this release, Canal concludes, rendered unnecessary any judicial determination of whatever insurance obligations existed between it and Collier. We disagree. Florida appellate courts have consistently applied Florida Rule of Civil Procedure 1.260(c) to reverse the granting of a motion to dismiss on facts similar to those presently before the court. Rule 1.260(c) provides in relevant part:
*738 In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs a person to whom the interest is transferred to be substituted in the action or joined with the original party.
In Miami Airlines, Inc. v. Webb, 114 So.2d 361 (Fla.3d DCA 1959), a plaintiff corporation sued on a breach of contract theory for repair of an aircraft. The corporation later assigned its interest in the contract being litigated to a third party. The trial court entered a directed verdict for the defendants on the ground that the plaintiff had no interest in the claim. The Third District Court of Appeal held, based on the 1954 version of Rule 1.260(c), that a court has no discretion to terminate an action and enter adverse judgment on the merits solely because a transfer of interest has been made pending the suit.
Several years later, the Second District, in Narrows Corp. v. Boca Ciega Sanitary District, 230 So.2d 49 (Fla.2d DCA 1970), had occasion to interpret Rule 1.260(c) in a similar context. In Narrows, property owners brought an action contesting the validity of a special assessment which a Sanitary District had levied against their property. The trial court granted the defendant’s motion to dismiss on the rationale that the property owners had lost title to their property through a foreclosure proceeding before the final hearing had occurred. The Second District reversed, holding that under Rule 1.260(c), the property owners, who were the original parties to the suit, could continue the action despite the fact that the party who purchased the property after foreclosure had become the real party in interest.
More recently, in Schmidt v. Mueller, 335 So.2d 630 (Fla.2d DCA 1976), the court again considered Rule 1.260(c) in an appeal concerning a trial court’s dismissal of an action on the ground that the original plaintiff was no longer properly before the court. Schmidt, the plaintiff, had sued the defendants, alleging they were liable to him for a real estate commission. During a non-jury trial, the plaintiff mentioned he had incorporated his real estate business and assigned the assets of that business to Paul Schmidt, Inc., a new corporation of which he was president. The defendants moved to dismiss, contending that the new corporation was not before the court as a party-plaintiff. The Second District reversed, holding that once the trial court concluded plaintiff Schmidt had transferred his cause of action to his newly-formed corporation, two alternatives were available to the trial court: (1) permit the action to be continued in the name of the plaintiff Schmidt; or (2) allow Paul Schmidt, Inc. to either be substituted for or joined with the original party-plaintiff. 335 So.2d at 631 (citing Miami Airlines, Inc. v. Webb, supra).
There is no material distinction to be drawn from the facts of the instant case and those found in Miami Airlines, Narrows Corporation, and Schmidt v. Meuller, supra. Under the reasoning expressed in these cases, Rule 1.260(c) allows Collier, as the original party in the suit, to maintain his action, notwithstanding that Smith may have been the real party in interest. In any event, Collier correctly points out that the question of coverage as between him and Canal was not moot given the fact that if he could successfully demonstrate he was covered under the policy, he would be entitled to fees which he had incurred in defending the personal injury lawsuit in Louisiana.
We also note that the release agreement between Collier and Canal contains a clause stating:
It is agreed and understood that the issues regarding coverage afforded to B.A. Collier ... d/b/a Florida Boy Seafood and Mark David Collier under the policy of insurance issued by Canal Insurance Company are not to be resolved by the payments made hereunder by Canal Insurance Company ... and the fact of or the amount of payments made hereunder are not binding outside the present litigation on the parties to the coverage dispute.
In view of the foregoing clause, Canal should not now contend that the settlement *739 of the Louisiana lawsuit renders the issue of insurance coverage moot. Consequently, we reverse the trial court’s granting of Canal’s motion to dismiss.
Collier’s request that this court review the trial court’s denial of his motion for summary judgment must be denied on jurisdictional grounds. An order denying a motion for summary judgment is not an appealable final order. See Aetna Casualty & Surety Co. v. Meyer, 385 So.2d 10 (Fla.3d DCA 1980). Thus, Collier’s second point of error which urges reversal of the trial court’s denial of his motion for a summary judgment declaring the policy effective prior to October 10,1982, is improperly raised and will not be considered.
REVERSED.
SMITH, C.J., and THOMPSON and NIMMONS, JJ., concur.