696 So.2d 944 (1997)
SUN STATES UTILITIES, INC., Appellant,
v.
DESTIN WATER USERS, INC., a Florida not-for-profit corporation, Appellee.
No. 96-3778.
District Court of Appeal of Florida, First District.
July 11, 1997.
Alice H. Murray and Bert Moore of Moore, Kessler & Moore, Niceville, for Appellant.
C. LeDon Anchors and Lawrence Keefe of Anchors, Foster, McInnis & Keefe, Fort Walton Beach, for Appellee.
BOOTH, Judge.
This cause is before us on appeal from the trial court's final judgment dismissing *945 Appellant's cause of action. Appellant, a company that provides sewer services, brought the action against Appellee, a competitor, for alleged encroachment into Appellant's service area resulting in business damages. The trial court's order dismissing the cause was based on Appellant having transferred its physical assets to another closed corporation, also owned by Mr. Gibson, during the pendency of the litigation. We hold that Appellant's divestiture of its physical assets pending litigation did not terminate Appellant's standing to maintain the instant action.[1]Smith v. Spitale, 675 So.2d 207, 209 & n. 1 (Fla. 2d DCA 1996); Ginsberg v. Lennar Fla. Holdings, Inc., 645 So.2d 490, 496 (Fla. 3d DCA 1994), rev. denied, 659 So.2d 272 (Fla.1995); Florida Power Corp. v. McNeely, 125 So.2d 311, 318 (Fla. 2d DCA 1960), cert. denied, 138 So.2d 341 (Fla.1961). Accordingly, we reverse the trial court's ruling that Appellant lacks standing.
We note that the record contains evidence of an assignment of the right to maintain the instant action to Mr. Gibson personally. Florida Rule of Civil Procedure 1.260(c) provides:
(c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.
Under this rule, transfer of an interest in a cause of action pending litigation may be the basis for the substitution of parties, but not dismissal of the action. In Gas Dev. Corp. v. Royal Oak Builders, Inc., 253 So.2d 738, 741 (Fla. 4th DCA 1971), the district court of appeal held:
Sometime after the filing of the suit, Royal Oak Builders, Inc., was caused to be dissolved by its 99% stockholder, Mr. Atkins. The appellants contend that the dissolution of the corporation deprived it of standing to maintain the action because all of the assets of the corporation, including this cause of action, were transferred to Mr. Atkins. Assuming that the appellants are correct in their position that Mr. Atkins received all property of the corporation, their ultimate conclusion, i.e., that the suit should have been dismissed because it was not maintained in the name of the real party of interest, is untenable. Rule 1.260(c), F.R.C.P., 30 F.S.A. fully answers this contention.
In Miami Airlines, Inc., v. Webb, 114 So.2d 361, 363 (Fla. 3d DCA 1959), the court held:
two alternatives are presented where there is a transfer of the cause of action pending suit. The action may be continued in the name of the original party, or the court may upon application allow substitution of the transferee.
See Collier v. Canal Ins. Co., 511 So.2d 736, 738 (Fla. 1st DCA 1987); Schmidt v. Mueller, 335 So.2d 630, 631 (Fla. 2d DCA 1976).
Thus, the trial court's final judgment is REVERSED and the case is REMANDED to the trial court for further consideration in light of rule 1.260, and to allow such substitution of parties as may be appropriate.
JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] Standing to maintain a lawsuit depends on whether the party has a personal stake in the outcome of the proceeding, such as an injury that may be redressed by the suit. Peregood v. Cosmides, 663 So.2d 665, 668 (Fla. 5th DCA 1995), rev. denied, 673 So.2d 29 (Fla.1996); Gregory v. Indian River County, 610 So.2d 547, 554 (Fla. 1st DCA 1992). When considering standing, the trial court must accept all the material allegations as true, and construe them in favor of the challenged party. See Coalition for Adequacy and Fairness in Sch. Funding v. Chiles, 680 So.2d 400, 403 (Fla.1996); In re Huff, 109 B.R. 506, 509 (S.D.Fla.1989). Standing should not be confused with the merits of a claim. St. Martin's Episcopal Church v. Prudential-Bache Sec., Inc., 613 So.2d 108, 110 n. 4 (Fla. 4th DCA 1993).