895 So.2d 1191 (2005)
Thomas S. TRAVELER, a pseudonym, Appellant,
v.
STEINER TRANSOCEAN LIMITED, et al., Appellees.
No. 3D04-2613.
District Court of Appeal of Florida, Third District.
February 23, 2005.
Bailey & Dawes and Owei Z. Belleh, for appellant.
Horr, Novak & Skipp, Miami, and Brian T. Scarry, for appellees.
Before GREEN, CORTINAS, and ROTHENBERG, JJ.
CORTINAS, Judge.
The plaintiff, Thomas S. Traveler, appeals from an order denying a motion for leave to amend his second amended complaint and a subsequent order denying rehearing. *1192 We dismiss this appeal for lack of jurisdiction.
On November 20, 1997, Thomas S. Traveler ("Traveler") brought suit against several defendants, including Steiner Transocean Limited ("Steiner") and Lianne P. Burns ("Burns"). Traveler alleged that, on November 26, 1995, while he was a passenger on the Majesty of the Seas, a Royal Caribbean Cruise ship, he suffered injuries when he participated in a fitness class under the guidance of instructor Burns, an employee of Steiner. On June 28, 1998, the action was consolidated with a previous action that Traveler had filed against Royal Caribbean Cruises, Ltd.
On November 9, 2000, the trial court dismissed without prejudice Traveler's complaint against Steiner and Burns for lack of in personam jurisdiction. The trial court's order provided that "Plaintiff may amend within fifteen days from the date of completion of the 4 depositions involved, to wit: the two doctors, Steiner and Burns, limited to matters related to in personam jurisdiction."
On July 14, 2004, after taking the depositions of Burns and Dr. Thomas Eilifsson, a doctor on the ship, Traveler filed a motion for leave to amend his second amended complaint. The trial court held a hearing on the motion on September 9, 2004, and, after considering the parties' arguments, denied Traveler's motion for leave to amend, and his subsequent motion for rehearing. Traveler's appeal follows.
Traveler argues that this is an appeal, pursuant to Rules 9.030(b)(1)(A) and 9.110, Florida Rules of Appellate Procedure, from a final order denying his motion for leave to amend and denying his motion for rehearing. We disagree that this is an appeal from a final order.
In his initial notice of appeal, Traveler indicated that this appeal was from a non-final order citing Rules 9.130(b) and (c), Florida Rules of Appellate Procedure. Subsequently, Traveler filed a corrected notice of appeal indicating that this appeal was from a "final" order citing Rules 9.030(b)(1)(A) and 9.110, Florida Rules of Appellate Procedure.
Rule 9.130 of the Florida Rules of Appellate Procedure enumerates the types of non-final orders that are appealable to this court. The parties properly concede that Rule 9.130 does not provide for an appeal of an order denying leave to amend.
Instead, Traveler claims that an order denying leave to amend is a "final" order that is appealable to this court under Rules 9.030(b)(1)(A) and 9.110 of the Florida Rules of Appellate Procedure. We disagree as this court has previously held that an order denying leave to amend is a non-final and non-appealable order. Palomares v. Ocean Bank of Miami, 574 So.2d 1159, 1161 (Fla. 3d DCA), review denied, 587 So.2d 1328 (Fla.1991). Other district courts have similarly held that an order denying a motion to amend a complaint is not a final order, and thus, the order is not immediately appealable. Hochstadt v. Sanctuary Homeowners Ass'n, 882 So.2d 1094, 1096 (Fla. 4th DCA 2004); Faulk v. Air Prods. & Chems., Inc., 798 So.2d 820, 821 (Fla. 1st DCA 2001). Moreover, even if Traveler had filed a petition for writ of certiorari, this court would still be without jurisdiction. Hawaiian Inn of Daytona Beach, Inc. v. Snead Constr. Corp., 393 So.2d 1201, 1202 (Fla. 5th DCA 1981); see Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). An appeal after judgment is an adequate remedy for an ordinary reversible error for which no appeal is provided under Rule 9.130 of the Florida Rules of Appellate Procedure. Hawaiian Inn, supra.
*1193 Accordingly, this court is without jurisdiction to review this appeal.
Appeal dismissed.