PER CURIAM.
Hope M. Russ, as personal representative of the estate of Roy R. Russ, appeals the trial court’s denial of her motion for new trial in her medical malpractice action against Randal Silbiger, M.D. We affirm because appellant waived any argument based on juror misconduct by failing to join in Dr. Silbiger’s motion for mistrial made on the same grounds.
Appellant sued Dr. Silbiger alleging that Dr. Silbiger negligently breached his duty *81 to exercise reasonable care and deviated from the prevailing standards of care in rendering medical treatment to her husband. Following the presentation of the plaintiffs case at trial, Dr. Silbiger’s counsel learned that four jurors had failed to disclose prior injury and litigation histories despite questionnaires and jury voir dire by counsel prior to trial instructing them to do so. The cases the jurors failed to disclose included several who had filed bankruptcy, a worker’s compensation case, a dissolution of marriage, a mortgage foreclosure, and two who had been parties in other civil suits.
Dr. Silbiger moved for a mistrial and to strike the four jurors. Appellant opposed the motion, arguing that it was premature and that Dr. Silbiger could not satisfy the materiality prong of De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995). The trial court conducted two hearings on the motion and denied the motion for mistrial. The court noted that it would be a “tough sell” for appellant to oppose the motion for mistrial and then argue the same grounds in a motion for new trial in the event the jury returned a verdict unfavorable to appellant.
The jury returned a verdict in favor of Dr. Silbiger, finding there was no negligence on his part that was a legal cause of Mr. Russ’s death. Appellant then filed a timely motion for new trial based in part on the same alleged juror misconduct previously raised by Dr. Silbiger in his motion for mistrial. Appellant argued that she had previously opposed Dr. Silbiger’s motion on the grounds it was premature. Appellant pointed out that the parties had not known that one of the civil cases in which a juror had failed to disclose involvement was a wrongful death claim the juror had brought as a personal representative of an estate. Dr. Silbiger’s counsel pointed out that the parties were aware of that case and had the case number at the time of Dr. Silbiger’s motion for mistrial. Dr. Silbiger admitted, however, that the full extent of the juror’s involvement was not known at the time.
The court expressed concern that appellant had not previously joined Dr. Silbiger’s motion for mistrial as a trial tactic in the belief trial was going well for appellant. The court rendered final judgment in accordance with the verdict and denied appellant’s motion for new trial.
Appellant argues that the trial court erred in denying her motion for new trial. Appellant contends she did not waive the issue of juror misconduct when she failed to join in Dr. Silbiger’s motion for mistrial because, according to appellant, the record was incomplete at that time. We disagree.
“As a general principle of law, the doctrine of waiver encompasses not only the intentional or voluntary relinquishment of a known right, but also conduct that warrants an inference of the relinquishment of a known right.” Singer v. Singer, 442 So.2d 1020, 1022 (Fla. 3d DCA 1983).
The present case is similar in important aspects to Eagleman v. Korzeniowski, 924 So.2d 855 (Fla. 4th DCA 2006). In Eagleman, “Eagleman’s counsel indicated that Eagleman was not involved with the motion for directed verdict and would not be taking a position on the motion.” 924 So.2d at 859. On appeal, Eagleman argued the trial court erred in failing to rule. Id. This court stated:
Furthermore, now that the trial court granted the directed verdict post-trial, Eagleman is taking a position on the motion for directed verdict and arguing that granting it was error because it is no longer advantageous to Eagleman. If it was important to Eagleman that a directed verdict be granted (or denied) to resolve the agency issue and remove *82 the risk of any negative impact from the post-trial resolution of that issue, it was incumbent upon Eagleman to seek to secure a ruling on that issue prior to the jury verdict. It defies logic for a party to expect to be able to take no position on an issue in the trial court and then take whatever position is most advantageous to it on appeal; a party must take some position below in order for this court to review how the trial court ruled on that position.
Id. (citations omitted).
Appellant’s primary argument against Dr. Silbiger’s motion for mistrial was that the motion was premature and should be decided after trial. However, appellant also made significant arguments based on De La Rosa against the merits of Dr. Silbiger’s motion. Although appellant did not know the full details of the litigation and injuries concealed by the jurors here, appellant had sufficient information to join or oppose the motion on substantive grounds. Appellant’s conduct in attempting to take no position on the motion while simultaneously arguing against it on substantive grounds was sufficient to constitute waiver of the argument that the juror misconduct necessitated new trial. Appellant should have joined the motion at the time if she believed grounds for mistrial existed.
We hold that the trial court did not abuse its discretion in denying appellant’s motion for new trial.

Affirmed.

SHAHOOD, C.J., POLEN and MAY, JJ., concur.