PER CURIAM.
The issue presented is whether the trial court erred in granting summary judgment in favor of appellees on their claim that appellant breached its duty to defend Tampa Bay Trucking, Inc. (“TBT”) and Pateo Transport, Inc. (“Pateo”) in an earlier personal injury action, entitling appel-lees to indemnification for costs expended in defending that action. We find that the trial court correctly determined that appel-lees were entitled to indemnification for their defense costs, and therefore, we affirm the granting of summary judgment.
Arturo Matos Ortiz entered into a subcontract agreement with TBT for the provision of trucking services to third parties. The agreement required Ortiz to maintain a policy of automobile insurance at Ortiz’s expense. Under the agreement, such insurance would be primary, and any applicable insurance carried by TBT would be excess over Ortiz’s insurance. The agreement further included an indemnity provision, which provided:
[Ortiz] shall defend, indemnify and hold harmless [TBT], Owner, Architect, and the consultants, agents, and employees of each of them from and against any and all claims, damages, losses and expenses, including but not limited to attorneys fees, arising out of or resulting from the performance of the work, provided that such claim, damage, loss or expenses is attributable to bodily injury ... but only to the extent caused by the negligent acts or omissions of [Ortiz], or of anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder.
Appellant issued a policy of insurance to Ortiz, agreeing to insure Ortiz’s tractor and a non-owned attached trailer as long as the trailer was attached to the tractor. TBT was an additional insured under the policy.
Aequicap[1] insured Pateo and TBT. An endorsement to the Aequicap policy provided that an “insured” under the policy was “[y]ou for any covered ‘auto’ only when the covered ‘auto’ is driven by an approved driver described in paragraph ‘b’ of this section.” Paragraph “B” read:
Any driver authorized as a commercial truck driver while Operating covered “auto” with your knowledge and consent under your operating authority. No coverage will apply to any driver newly placed in service after the policy begins until you report that driver to us and we advise you in writing that he/she is acceptable to us and that he/she is covered under the policy. Coverage on any such driver newly placed in service will become effective as of the date and time we advise you he/she is acceptable and that they are covered by the policy and not before.
*203 Neither Pateo nor TBT submitted Ortiz to Aequieap for pre-approval. Both appellant’s policy and Aequicap’s policy contained “Other Insurance” clauses.[2]
In 2006, Ortiz was involved in an auto accident with Raymond Heydenburg. After the accident but before suit was filed, appellant informed counsel for Heyden-burg that it had identified TBT and Pateo as possible omnibus insureds under its policy. Heydenburg rejected appellant’s offer to settle for the policy limits in exchange for a release of Ortiz, TBT, and Pateo. Aequieap informed its insured, Pateo, that Ortiz had not been pre-submit-ted as a driver and that it was reserving all rights as to whether it was obligated to provide coverage for the accident.
Heydenburg and his spouse then filed suit against Ortiz, TBT, and Pateo, alleging that, while in the course and scope of his relationship with TBT and Pateo, Ortiz negligently caused injuries to Heydenburg while operating his tractor and an attached trailer owned by TBT. In January 2007, counsel for TBT and Pateo, hired by -Ae-quicap, wrote to appellant for the purpose of obtaining a conflict of interest waiver. The attorney requested that appellant provide separate counsel for Ortiz, based on his “understanding that [TBT] is an additional insured under the policy issued by Progressive to Arturo Ortiz and that they intend to maintain a demand for defense and indemnity under that policy.” Appellant first provided a defense to TBT and Pateo in November 2007.
The Heydenburg litigation was settled in 2009. Before a settlement was reached, appellees filed suit against appellant, asserting a right to indemnification for attorney’s fees and costs incurred in the defense -of TBT and Pateo from January through November 2007.
Both parties moved for summary judgment. In granting appellees’ motion for summary judgment, the trial court found that appellant should have provided a defense to TBT and Pateo before November 1, 2007, and that appellant was required to indemnify appellees for attorney’s fees and costs incurred in their defense up to that time.
On appeal, appellant argues that it was entitled to judgment as a matter of law on appellees’ indemnification claim under the rule disallowing reimbursement for defense costs between insurers of a mutual insured (the “anti-subrogation rule”). Because we find that this case is controlled by the indemnification agreement between the insured parties, we disagree with appellant’s argument and affirm.
In Florida, as a general matter, “[t]he duty of each insurer to defend its insured is personal and cannot inure to the benefit of another insurer,” and for this reason, “[contribution is not allowed between insurers for expenses incurred in defense of a mutual insured.” Argonaut Ins. Co. v. Md. Cas. Co., 372 So.2d 960, 963 (Fla. 3d DCA 1979); see also Cont. Cas. Co. v. United Pac. Ins. Co., 637 So.2d 270, 272 (Fla. 5th DCA 1994) (“[T]raditional principles of subrogation will not support a reimbursement of defense costs in favor of someone who has the independent contractual duty to pay all such expenses.”).
However, “[i]ndemnity has been defined as a right which inures to a person who has discharged a duty which is owed by him but which, as between himself and another, should have been discharged by the other.” Stuart v. Hertz Corp., 351 *204 So.2d 703, 705 (Fla.1977). In the present context, we are persuaded by the case of Continental Casualty Co. v. City of South Daytona, 807 So.2d 91 (Fla. 5th DCA 2002), which illustrates the effect that an indemnification agreement between insured parties has on the anti-subrogation rule. In Continental, a little league contracted to use the city’s facilities and agreed to indemnify the city from any and all claims, and to secure an insurance policy naming the city as a co-insured. After a coach was injured and sued both insured parties, the city’s insurance carrier was left defending the claim. The city’s insurance carrier sought reimbursement of its defense costs from the little league’s insurance carrier, which were awarded by the trial court.
The Fifth District rejected the little league’s insurance carrier’s reliance on Argonaut and its progeny, reasoning:
Argonaut, which was followed in Continental [v. United Pacific Insurance Co., 637 So.2d 270 (Fla. 5th DCA) ], held that an insurer is not entitled to recover from another insurer the costs of defending a mutual insured. These two cases, however, are inapplicable because they addressed the issue of equitable subrogation among insurers where there was no contract of indemnification between the insured parties. In the instant case, there is a specific and contractual obligation of indemnification in favor of the City that was provided by the Little League, who in turn was required to and did insure that obligation by securing the Continental policy.
We agree with the City that the agreement with the Little League shifted exposure from the City’s own liability carrier to the Little League’s liability carrier, and that the primary obligation to defend the City for an action arising out of the Little League’s use of the City’s facilities was with Continental. Continental’s failure to defend entitles the City, as the indemnitee or the additional insured, to a recovery of reasonable attorney’s fees incurred in the defense of the claim.
Id. at 92-93.
Similarly, in the present case, “there is a specific and contractual obligation of indemnification” in favor of TBT that was provided by Ortiz. The subcontract agreement “shifted exposure” from Aequicap to appellant, leaving appellant with the primary obligation to defend TBT and Pateo[3] for an action arising out of Ortiz’s negligence. Appellant’s failure to defend TBT and Pateo from January through November of 2007 accordingly entitled appellees to a recovery of reasonable attorney’s fees and costs incurred in defending the Heydenburg claim during that period.
Appellant argues that, despite the indemnification agreement, appellees’ claim for indemnification must fail because Ortiz was an insured under the Aequicap policy. See Allstate Ins. Co. v. Fowler, 480 So.2d 1287, 1290 (Fla.1985) (holding, in part, that for a court to disregard an “other insurance” clause pursuant to a right of indemnity, “the insurance policy issued to the vicariously liable party must not cover the active tortfeasor as an additional insured”). We agree with appellees that *205 Ortiz was not insured under the Aequicap policy. Here, Ortiz was never submitted to Aequicap for pre-approval as a driver, as required by the endorsement to Aequi-cap’s policy. Appellant argues that Aequi-cap was not entitled to maintain that Ortiz was not insured while maintaining that TBT and Pateo were insured, because Ae-quicap’s policy provided that TBT and Pateo would be insured “for any covered ‘auto’ only when the covered ‘auto’ is driven by an approved driver.” We disagree that this provision required Aequicap to categorically deny coverage for all of Hey-denburg’s injuries. Paragraph “B” of the endorsement specifically provided, “No coverage will apply to any driver newly placed in service after the policy begins until you report that driver to us and we advise you in writing that he/she is acceptable to us and that he/she is covered under the policy.” Therefore, we find that Aequicap was entitled to deny coverage for Ortiz, while maintaining that coverage existed for its named insureds, TBT and Pateo.
We have examined the other arguments raised by appellant, and find no error.

Affirmed.

TAYLOR, CIKLIN and LEVINE, JJ., concur.

. The Florida Department of Financial Services was appointed as receiver for Aequicap during the pendency of this appeal.

. With respect to Ortiz's tractor, the parties agree that appellant’s policy provided primary coverage. However, the parties dispute which policy provided primary coverage to the trailer under the "Other Insurance” clauses.

. Appellant argues that the lack of an indemnification agreement between Ortiz and Pateo is dispositive of Patco's right to recover its defense costs from appellant. However, "[i]n order to be preserved for appellate review, the specific argument made on appeal must have been raised when the party objected in the trial court.” Eagleman v. Korzeniowski, 924 So.2d 855, 860 (Fla. 4th DCA 2006). In the trial court, appellant did not make this argument as a basis to be relieved of having to pay Patco's defense costs.