WALLACE, Judge.
Sarasota Renaissance II, Limited Partnership (SRII), appeals a final order dismissing it as a party plaintiff in the construction litigation pending in the circuit court. Because SRII did not object to entry of the order under review, its appellate arguments are unpreserved. Thus we affirm the circuit court’s order, but we write to further explain our decision.
I. THE FACTS AND PROCEDURAL BACKGROUND
Batson-Cook Company initiated the underlying litigation in November 2004 when it sued SRII for breach of an oral reconstruction agreement. Batson-Cook and SRII entered into the agreement following water-intrusion damage caused by Tropical Storm Gabrielle to a Sarasota condominium building. SRII was the developer of the building, and Batson-Cook was the general contractor. According to Batson-Cook’s complaint, investigations concerning the water-intrusion damage resulted in conflicting claims about the cause and responsibility for the damages, including
(i) the claim that the water intrusion and damages were the result of deficient design, (ii) the claim that the water intrusion and damages were the result of deficient construction ..., (iii) the claim that the water intrusion and resulting damages were the result of an Act of God and were therefore a casualty loss[,] and (iv) the claim that the water intrusion and resulting damage were the result of a combination of the above.
(Emphasis added.) In addition, Batson-Cook asserted that Cooper Carry and Associates, Architects (the architect on the project), and Batson-Cook’s subcontractors were placed on notice of the foregoing issues. Rather than waiting for a determination of responsibility, SRII and Batson-Cook orally agreed that they would begin repairs immediately, with Batson-Cook continuing as the contractor and the original subcontractors performing the repairs. Batson-Cook and SRII further agreed that Batson-Cook would not be paid during the performance of the reconstruction agreement, “but that payment would be made after the conclusion of the work at such time as there was a determination of the party or parties responsible for the *1186 water intrusion and resulting damages” and “that upon the conclusion of the remediation, the parties would move promptly to effect such a determination.”
Batson-Cook alleged that it expended in excess of $2.9 million in performing the repairs, and it alleged that SRII had expended $3.5 million in remediation. Bat-son-Cook asserted that SRII was in breach of the reconstruction agreement because
[djespite the conclusion of the work contemplated by the Reconstruction Agreement ... and despite repeated requests by [it] that [SRII] cause the institution of proceedings that would result in a determination of the responsibility for the water intrusion and resulting damages (and therefore the “settling up” contemplated by the parties in the terms of the Reconstruction Agreement), [SRII] has failed to take the action that it agreed to take so that [Batson-Cook] would be paid by [SRII].
SRII answered the complaint and filed counterclaims against Batson-Cook and third-party claims against Cooper Carry and Federal Insurance Company, a construction surety that had issued a performance bond for Batson-Cook. SRII made claims against Batson-Cook for breach of contract/express warranty, for violation of Florida’s building codes, and for a declaratory judgment; a claim against Federal Insurance for contractual indemnity; and claims against Cooper Carry for breach of contract, violation of Florida’s building codes, and professional malpractice.[1] In 2006, the condominium association for the building filed a separate lawsuit against many of the same parties involved in the 2004 litigation initiated by Batson-Cook. Although those claims are not pertinent to this proceeding, we note that the trial court consolidated the association’s litigation with the 2004 case.
In January 2011, Batson-Cook settled its claims with SRII in both the 2004 and 2006 cases. Specifically, the settlement agreement provided as follows:
The Parties desire and intend to (i) resolve any and all claims for direct liability of either of them to the other which have been asserted, or which could have been asserted by or between them while, at the same time, denying any liability for any such claims, (ii) address the claims that [SRII] has or could have asserted against Cooper Carry and Associates Architects, Inc. (“Architect"), both for its damages and for the damages and claims asserted against it by Batson-Cook, by [SRII] assigning same to Batson-Cook, and (iii) address the claims for vicarious liability of Batson-Cook to [SRII] for the acts and inactions of its subcontractors by [SRII] assigning to Batson-Cook its claims against Batson-Cook to the extent of Batson-Cook’s vicarious liability for the actions and inactions of its subcontractors. It is expressly understood, intended and agreed by the Parties that this Settlement Agreement shall not in any way extinguish, waive, prejudice or operate as a release of any of the claims assigned by [SRII] to Batson[-]Cook referenced in Exhibit “A” (“Assignment of Claims and Causes of Action”).
(Emphasis added.) In the settlement agreement, the parties repeatedly expressed their intent to assign SRII’s claims against Cooper Carry to Batson-Cook and that those claims were not to be *1187 released.[2] SRII also agreed to cooperate reasonably with Batson-Cook in the prosecution of the assigned claims.
In the assignment, SRII assigned to Batson-Cook all of its claims against Cooper Carry and its affiliates, agents, and representatives. Similarly, SRII assigned to Batson-Cook any claims that SRII had against Batson-Cook. The assignment included a provision under which SRII irrevocably appointed Batson-Cook as its representative to pursue the assigned claims.
In January 2011, the parties to the 2004 and 2006 proceedings, including Cooper Carry, entered into a stipulation to continue the trial of the 2004 litigation, which was set for February 22, 2011. After the entry of the stipulation, in April 2011, Bat-son-Cook filed a motion for leave to file an amended complaint “to add the necessary allegations in order to correctly identify and delineate the claims of BAT-SON[-]COOK and of [SRII] of [sic] by whom BATSON[-]COOK has been assigned its claims.”
At the hearing held in May 2011 on its motion to amend the complaint in the 2004 litigation, Batson-Cook’s counsel argued that Batson-Cook “has its claims for the money that it spent in remediating the Renaissance project. Also, Batson-Cook has been assigned [SRII’s] claims for the money [SRII] spent in remediating the Renaissance project following Tropical Storm Gabrielle in 2001.” Counsel stated, “[T]his is our motion to amend to assert the assignment by [SRII] to Batson-Cook.” Cooper Carry, along with several subcontractors affected by the proposed amendment, opposed the motion for leave to amend, arguing that they would be prejudiced by any amendment and that any amendment would be futile.[3] Following the hearing, the circuit court denied Bat-son-Cook’s motion for leave to file an amended complaint. The circuit court accepted the arguments that the amendment would be prejudicial and futile and that finality should be reached in the case. Batson-Cook filed a motion for rehearing, which the circuit court also denied.[4]
Next, in July 2011, Cooper Carry filed a motion to “drop” SRII from the 2004 litigation under Florida Rule of Civil Procedure 1.250(b). Cooper Carry asserted in its motion that SRII had assigned all of its claims in connection with the litigation to Batson-Cook, had “settled out of the [2004] case,” but “ha[d] failed to procedurally remove itself from the 2004 action.”
Batson-Cook objected to “dropping” SRII from the litigation; it also filed a motion for substitution of its counsel on behalf of SRII. Batson-Cook argued that a number of SRII’s claims remained viable in the litigation and that the circuit court should permit counsel for Batson-Cook to try SRII’s claims. Batson-Cook argued that there was no authority to support “dropping” SRII as a party under rule 1.250(b) in the circumstances of this case. *1188 In addition, Batson-Cook explained that— in accordance with Florida Rule of Civil Procedure 1.260(c) — when a claimant transfers its interest in a cause of action while the litigation is pending a court has two alternatives: (1) to allow the action to be continued in the name of the original claimant or (2) to allow the person to whom the cause of action was transferred to be either substituted for or joined with the original claimant.
The circuit court held a hearing on Cooper Carry’s motion to “drop” SRII as a party in September 2011. At the hearing on the motion, Cooper Carry’s counsel argued that SRII’s claims could no longer be pursued in the pending case because SRII had assigned all of its claims to Batson-Cook and had demonstrated its intent to withdraw from the litigation. Counsel argued that Batson-Cook was attempting to “force [SRII] to the table” to proceed on claims that it no longer desired to pursue.[5]
Initially, the circuit court indicated its agreement with the arguments of counsel for Cooper Carry but stated that it was “somewhat reluctant to grant the motion outright in the sense of — in the sense of dropping the party defendant/counter plaintiff, [SRII].” The circuit court indicated that it was
going to deny the motion to drop the party; however, I am going to rule that the damages claims of SRII are eliminated from the case and they will not be presented during the case. To me it’s fairly clear that the assignor has released all the claims, does not want to go forward, those claims are out of the case.
Notably, SRII’s counsel expressed concern about the circuit court’s ruling, not because it had assigned its claims to Batson-Cook under terms that would permit Bat-son-Cook to pursue those claims in its stead, but because of a concern about SRII’s potential exposure to claims for attorney’s fees and costs. Ultimately, after additional discussion, the circuit court revised its ruling to grant the motion to “drop” SRII as a party because of the confusion that allowing SRII to remain in the litigation might cause. In addition, the circuit court denied Batson-Cook’s motion to substitute as counsel for SRII in the litigation.
Later, the circuit court granted Batson-Cook’s motion to stay the underlying proceeding pending an appeal of the circuit court’s order. After SRII filed its notice of appeal, this court relinquished jurisdiction to the circuit court for the entry of a final, appealable order. Upon relinquishment, the circuit court entered a final judgment dismissing SRII’s claims from the action. Initially, Batson-Cook filed a notice of joinder in SRII’s appeal. However, Batson-Cook later withdrew its notice of joinder.
II. FRAMING THE ISSUE
The course of the proceedings outlined above culminated in three rulings by the circuit court: (1) an order denying Batson-Cook’s motion to amend made following the assignment of SRII’s claims to it; (2) an order denying Batson-Cook’s motion to substitute its attorneys as counsel for SRII and to pursue the assigned claims in SRII’s name; and (3) an order granting the motion to “drop” SRII as a party followed by the entry of a final judgment that effectively dismissed SRII’s claims from the pending action. The first two rulings — which directly affect Batson- *1189 Cook’s ability to proceed on the assigned claims — are nonfínal, nonappealable orders. See Traveler v. Steiner Transocean Ltd., 895 So.2d 1191, 1192 (Fla. 3d DCA 2005). Only the third ruling, “dropping” SRII as a party plaintiff in the litigation, is before us for review in the context of this appeal brought by SRII.
The apparent effect of the circuit court’s three rulings is to extinguish the claims that SRII timely brought against Cooper Carry and others without a determination of those claims on the merits. SRII is no longer a party to the litigation, and the circuit court’s denial of the motion to amend enabled Cooper Carry and some of the subcontractors to stymie Batson-Cook’s attempt to assert the assigned claims in its own right. Although we offer no opinion on this issue, we presume that Batson-Cook cannot now pursue the assigned claims in a separate action because the applicable statutes of limitations would bar the claims. However, in the context of this appeal, we can only review the circuit court’s order granting the motion to “drop” SRII from the litigation. Therefore, we cannot address the effect of the circuit court’s three rulings as a whole. Accordingly, we turn now to a discussion of the circuit court’s order “dropping” SRII as a party from the litigation.
III. DISCUSSION
In considering the issue before us, we look to Florida Rule of Civil Procedure 1.260(c) concerning “Transfer of Interest,” which provides as follows:
In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.
Batson-Cook argued in the circuit court and SRII argues on appeal that under rule 1.260(c), the circuit court had the option of granting Batson-Cook’s motion to amend and permitting Batson-Cook to pursue the assigned claims in its own name. Alternatively, the circuit court could have allowed Batson-Cook to pursue the assigned claims in SRII’s name and to substitute Batson-Cook’s attorneys as counsel for SRII. See Schmidt v. Mueller, 335 So.2d 630, 631 (Fla. 2d DCA 1976) (noting same); Levine v. Gonzalez, 901 So.2d 969, 972 (Fla. 4th DCA 2005) (noting same); Collier v. Canal Ins. Co., 511 So.2d 736, 738-39 (Fla. 1st DCA 1987) (noting same); Miami Airlines, Inc. v. Webb, 114 So.2d 361, 362-63 (Fla. 3d DCA 1959) (noting same).
The settlement agreement and the assignment did not operate to extinguish or to release SRII’s claims against Cooper Carry and others; instead, the effect of these documents was to transfer SRII’s interest in those claims to Batson-Cook. Accordingly, the circuit court could have permitted Batson-Cook either to substitute as the party on those claims or to pursue them in the name of SRII, the original holder of the claims.
On this appeal, our decision to affirm is compelled by SRII’s failure to object to the motion to “drop” it as a party. In fact, SRII urged the circuit court to enter an order to the effect that SRII would have no role whatsoever in the litigation going forward. SRII’s appellate arguments are inconsistent with the posture that it adopted in the circuit court. Although Batson-Cook objected to the entry of the order, SRII failed to join in the objection. Thus, insofar as SRII is concerned, the circuit court’s ruling amounts to unpre-served error concerning which SRII may not complain on appeal. See Eagleman v. *1190 Korzeniowski, 924 So.2d 855, 859 (Fla. 4th DCA 2006).
IV. CONCLUSION
For the foregoing reasons, SRII’s failure to preserve the asserted error precludes any appellate relief. Accordingly, we affirm the order under review and remand this case for further proceedings.
Affirmed and remanded for further proceedings.
VILLANTI and BLACK, JJ., Concur.

. Over the next several years, several other parties were brought into the litigation under third-party practice, and several parties were dropped from the litigation as claims were settled. Those parties and claims are not pertinent to the issues in this appeal.

. SRII also agreed to dismiss its claims against Federal Insurance, the bonding company for Batson-Cook. On March 9, 2011, SRII filed' a stipulation for dismissal with prejudice of its claims against Federal Insurance.

. Cooper Carry made extensive arguments in opposition to Batson-Cook’s motion to amend. We need not detail those arguments here.

.Batson-Cook did not seek appellate review of the circuit court’s order denying its motion to amend. The denial of a motion to amend is a nonfinal, nonappealable order; such orders are not reviewable under this court’s certiorari jurisdiction either. See Traveler v. Steiner Transocean Ltd., 895 So.2d 1191, 1192 (Fla. 3d DCA 2005) (holding that an order denying a motion for leave to amend is a nonfinal, nonappealable order that is not reviewable by certiorari).

. Counsel for Cooper Carry made several additional arguments in support of its motion to "drop” SRII that we need not detail here.